UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERA BOYKIN, | CIVIL ACTION NO. 16-5543 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**LINARES, District Judge**

Several defendants in this action (hereinafter, "the Federal Action") move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims that have been asserted by the *pro se* plaintiff, Vera Boykin. (See dkt. 52 through dkt. 52-12 (motion by the defendants Vincent G. Ricigliano and Stern, Lavinthal, Frankenberg, Norgaard, LLC); dkt. 53 through dkt. 53-11 (motion by the defendants FV-1, Inc., Morgan Stanley Capital Holdings LLC, Specialized Asset Management LLC, and Computershare Ltd.); dkt. 58 through dkt. 58-5 (motion by the defendant Bergen County Sheriff Michael Saudino); dkt. 59 through dkt. 59-2 (motion by the defendant Bergen County Clerk); dkt. 60 through dkt. 61-4 (motion by the defendants KLM Law Group, PC, and Kristina G. Murtha); dkt. 62 through dkt. 62-6 (motion by the defendant Bank of America N.A.); dkt. 68 through dkt. 68-4 (motion by the following defendants: Attorney General Of New Jersey, certain New Jersey state court judges, State

of New Jersey Courts, State of New Jersey Department of Treasury Division of Investment, and State of New Jersey).)[1] Boykin has filed opposition to these separate motions. (See dkt. 67; dkt. 69.)

This Court resolves all of the separate motions to dismiss upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, this Court (1) grants the separate motions, and (2) dismisses all of Boykin's claims.

## BACKGROUND

A foreclosure action was brought against Boykin in New Jersey state court (hereinafter, "the State Foreclosure Action") in 2008 due to the default on the payments for the mortgage on certain property (hereinafter, "the Mortgaged Property") in which Boykin has an interest. See No. F-38305-08 (N.J. Superior Court, Bergen County). (See dkt. 52-3 at 3–11.)

Boykin represented herself *pro se* in the State Foreclosure Action. In October 2010, a final judgment of foreclosure was entered in the State Foreclosure Action against Boykin (hereinafter, "the First State Judgment"). (See dkt. 52-4 at 2–5.)

Boykin then made several attempts in the State Foreclosure Action to have the First State Judgment vacated, all to no avail. Boykin also brought an action in the District of New Jersey concerning the State Foreclosure Action several years before bringing the instant Federal Action, wherein her claims were dismissed for failure to state

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

a claim. See Boykin v. MERS/MERSCORP, No. 11-4856, 2012 WL 1964495 (D.N.J. May 31, 2012).

The state court then entered an amended final judgment in June 2015 (hereinafter, "the Amended State Judgment") in the State Foreclosure Action. (See dkt. 52-5 at 2–5.) The Mortgaged Property is now scheduled for a sheriff's sale. (See dkt. 53-10 at 2–13.)

Boykin, once again representing herself *pro se*, instituted this Federal Action in September 2016 against, among others, the State of New Jersey and various state agencies, certain New Jersey state court judges who have issued orders in the State Foreclosure Action, the Bergen County Sheriff, private entities that either held her mortgage or are generally involved in the mortgage industry, and the attorneys who were involved in the State Foreclosure Action. (See dkt. 1.)[2] In the Federal Action, Boykin alleges that the entry of the First State Judgment and the Amended State Judgment resulted from conduct on the part of the defendants that was misrepresentative, negligent, and fraudulent. (See dkt. 49.)[3]

---

[2] Boykin originally brought her claims in conjunction with three other *pro se* plaintiffs. The claims by those three other plaintiffs have been severed. (See dkt. 37.) See D.N.J. No. 17-443; D.N.J. No. 17-444; D.N.J. No. 17-445.

[3] Boykin often phrases her claims in a manner that is not legally cognizable. (See, e.g., dkt. 49 at 3 (stating that the defendants seek "to deprive plaintiff[] title and peaceful enjoyment of [her] private properties and irreparably damage [her] to which end this court must intervene to accord established unalienable remedies to the plaintiffs; intentional violations by defendants of the Universal Declaration of Human Rights").) Thus, this Court has liberally construed Boykin's claims in a cognizable manner.

## ANALYSIS

**I. Standards**

This Court is guided by the following standards in resolving the separate motions to dismiss.

**A.  Rule 12(b)(1)**

It is not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(1), because that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard; citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

**B.  Rule 12(b)(6)**

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Palakovic v. Wetzel, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining Iqbal and Twombly).

**C.  Liberal Construction Of *Pro Se* Pleadings**

This Court, in addressing the separate motions to dismiss: (1) construed Boykin's claims liberally; and (2) accepted all of Boykin's factual allegations as true, construed the

claims in the light most favorable to Boykin, and considered whether Boykin may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

### D. Unopposed Motions To Dismiss

Boykin has not clearly opposed all of the arguments set forth in the defendants' motions to dismiss. However, this Court is required to address all of the arguments that are presented in support of those motions to dismiss on the merits, even if they are unopposed. See Jones v. Unemployment Comp. Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

## II. The Rooker-Feldman Doctrine

Boykin's claims that are asserted against all of the defendants are barred by the Rooker-Feldman doctrine, because Boykin is seeking to avoid the First State Judgment and the Amended State Judgment that were issued in the State Foreclosure Action by bringing this Federal Action. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).

The Rooker-Feldman doctrine bars this Court from adjudicating Boykin's claims, because: (1) Boykin is a state court loser complaining of injuries caused by the First State Judgment and the Amended State Judgment; (2) the First State Judgment was rendered in 2010, and the Amended State Judgment was rendered in 2015, and thus they were

rendered before the Federal Action was commenced in September 2016; and (3) Boykin invites this Court to review and reject the First State Judgment and the Amended State Judgment. See Bierley v. Abate, 661 Fed.Appx. 208, 209 (3d Cir. 2016) (affirming the district court's dismissal of claims based upon Rooker-Feldman grounds).

It is now well-settled law that the proper way for Boykin to proceed concerning her alleged injuries caused by the First State Judgment and the Amended State Judgment would be to seek review and relief through the state appellate process, and then to seek certiorari directly to the United States Supreme Court. This Court is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the First State Judgment and the Amended State Judgment, or void the rulings issued by the state court in the State Foreclosure Action. See Francis v. TD Bank, N.A., 597 Fed.Appx. 58, 60–61 (3d Cir. 2014) (affirming a district court's dismissal of a plaintiff's claims that were brought in connection with a state foreclosure action as being barred by the Rooker-Feldman doctrine, because the plaintiff sought redress from a state court judgment); see also Todd v. U.S. Bank Nat'l Ass'n, No. 16-1126 & No. 16-1255, 2017 WL 1363876, at *1–2 (3d Cir. Apr. 12, 2017) (doing the same); Jacques v. Chase Bank USA, N.A., 668 Fed.Appx. 437, 438–39 (3d Cir. 2016) (doing the same); Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (doing the same).

Therefore, all of Boykin's claims are dismissed pursuant to the Rooker-Feldman doctrine. This Court notes that to the extent that Boykin's allegations can be construed to assert claims for Constitutional violations against all of the defendants, whether

governmental entities, governmental actors, private entities, or private actors, those claims are barred by the Rooker-Feldman doctrine as well.

## III. Alternative Grounds for Dismissal

The determination set forth above "precludes the necessity to address [any] alternative grounds for dismissal," but this Court will exercise the discretion to discuss alternative grounds "for the sake of completeness." Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc., 287 F.Supp.2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon the lack of subject-matter jurisdiction).

### A. Younger Abstention

A final determination in the form of the Amended State Judgment has been entered in the State Foreclosure Action. However, to the extent that the State Foreclosure Action may be considered to be ongoing, and to the extent that Boykin requests that this Court intervene in the State Foreclosure Action, that relief is barred by the Younger abstention doctrine. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43–54 (1971). This Court simply has no authority to interfere with the State Foreclosure Action if it is indeed ongoing, because important state interests are implicated therein, and because there is an adequate opportunity to raise federal claims therein. See Cunningham v. Mortgage Contracting Servs. LLC, 634 Fed.Appx. 361, 362 (3d Cir. 2016) (affirming a district court's dismissal of claims brought in connection to a state foreclosure action for being

barred by Younger abstention); Jacques, 668 Fed.Appx. at 438–39 (doing the same).[4]

B.  **Constitutional Claims**

Violations of federal constitutional rights are actionable under 42 U.S.C. § 1983 (hereinafter, "Section 1983"). To the extent that Boykin asserts Section 1983 claims against private entities and private actors, those claims raise no proper federal causes of action and have no call upon a federal forum. Therefore, Boykin cannot maintain claims under Section 1983 that essentially seek relief based on the private conduct of a private entity or actor, no matter how allegedly wrongful. See Dophin v. Bank of Am. Mortg. Co., 641 Fed.Appx. 131, 133 (3d Cir. 2016); St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006); see also McKee v. Pittsburgh Nat'l Bank, 627 Fed.Appx. 88, 91 (3d Cir. 2015) (affirming the district court's dismissal of the Section 1983 claims that were asserted against a defendant bank).

To the extent that Boykin asserts Section 1983 claims against the State of New Jersey, state agencies, and state officials, those claims are barred as well. Section 1983 enables a plaintiff to bring a civil action only against a "person" who causes a deprivation of constitutional rights under color of state law. However, the aforementioned State defendants are not considered to be "persons" subject to such an action. See Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006); see also Cook v. Superior Court of N.J., No. 10-409, 2010 WL 2836409, at *1 (D.N.J. July 14, 2010) (dismissing a

---

[4] The Third Circuit Court of Appeals issued Jacques and Cunningham after the United States Supreme Court issued Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584 (2013), and thus the holdings in those cases are persuasive.

Section 1983 claim asserted against the New Jersey Department of Law and Public Safety based on immunity). The Eleventh Amendment also bars Section 1983 claims from being brought against the State of New Jersey, its agencies, and its officials, because those kinds of claims are, in effect, brought against the state itself. See Hanani, 205 Fed.Appx. at 79. The State of New Jersey has not consented to subject its agencies and its officials to Section 1983 claims, and the immunity afforded to the state, its agencies, and its officials against Section 1983 claims has not been abrogated. Therefore, these Section 1983 claims are dismissible upon this alternative ground.

### C. Judicial Immunity and State Court Immunity

To the extent that Boykin asserts claims against the state court judges who issued determinations in the State Foreclosure Action, those claims are barred by the doctrine of judicial immunity, even if those state court judges allegedly acted with malice or in bad faith. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000); see also Scheib v. Pennsylvania, 612 Fed.Appx. 56, 58 (3d Cir. 2015) (affirming the district court's dismissal of the plaintiff's claims that were brought against a state court judge based on that judge's conduct in the course of a foreclosure proceeding). Furthermore, any personnel employed by the state judiciary are also immune. See Washam v. Stesis, 321 Fed.Appx. 104, 106 (3d Cir. 2009) (describing the judicial immunity and quasi-judicial immunity afforded to state court staff); Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir. 1971).

To the extent that Boykin asserts claims against the New Jersey state courts themselves, it is now well-settled law that the state courts are immune from such claims,

and thus those claims are barred. See Dongon v. Banar, 363 Fed.Appx. 153, 155–56 (3d Cir. 2010) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Superior Court and the New Jersey Appellate Division on the basis of immunity); Carroway v. New Jersey, 202 Fed.Appx. 564, 565 (3d Cir. 2006) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Superior Court and two New Jersey County Courts on the basis of immunity); Hawkins v. Supreme Court of New Jersey, 174 Fed.Appx. 683, 685 (3d Cir. 2006) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Supreme Court on the basis of immunity).

### D. Res Judicata

Boykin is raising claims concerning the alleged conduct of all of the defendants that occurred before the Amended State Judgment was entered. Because those claims either have been raised or should have been raised in the State Foreclosure Action, those claims are barred by the doctrine of res judicata. See Lewis v. O'Donnell, No. 16-2820, 2017 WL 35711, at *2 (3d Cir. Jan. 4, 2017) (affirming the district court's dismissal of a plaintiff's claims that arose from an underlying state foreclosure action); Jacques, 668 Fed.Appx. at 438–39 (doing the same).

Res judicata applies, because (1) the Amended State Judgment and any of the related state court orders or judgments are valid, final, and on the merits, (2) the parties in the State Foreclosure Action and the Federal Action are either the same or in privity with each other, and (3) the claims in the Federal Action arise from the same transactions and

occurrences underlying the State Foreclosure Action. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

Therefore, this Court could also grant the separate motions to dismiss pursuant to res judicata.

E. **Entire Controversy Doctrine**

Boykin's claims that are asserted against all of the defendants are also barred by the entire controversy doctrine, because Boykin could have raised any allegations concerning the alleged conduct of the defendants in the State Foreclosure Action. See Lui v. Comm'n On Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004) (holding that the state courts are "every bit as competent to deal with . . . claims . . . as are federal courts").

The entire controversy doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction or series of transactions." Zahl v. Warhaftig, 655 Fed.Appx. 66, 76 (3d Cir. 2016) (internal quotation marks and citations omitted); see Opdycke v. Stout, 233 Fed.Appx. 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach of the entire controversy doctrine). As a result, Boykin is precluded from bringing these claims in this Federal Action pursuant to the entire controversy doctrine.

F. **Lack of Authority**

This Court is also without authority in general to review and adjudicate issues that have arisen in the state court in the State Foreclosure Action. See Francis, 597 Fed.Appx.

at 61 (affirming the dismissal of a borrower's claims alleging misconduct by a bank in bringing a separate state foreclosure action, and citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281 (1970), and In re Grand Jury Proceedings, 654 F.2d 268 (3d Cir. 1981)). Furthermore, any mandamus power that this Court might possess over the state courts does not include the authority to "compel action by state courts or officials in connection with state court proceedings." See In re Wiltbank-Johnson, 455 Fed.Appx. 149, 150 (3d Cir. 2011) (denying the *pro se* plaintiff's petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, wherein she requested that the Third Circuit Court of Appeals compel certain state courts to provide her with favorable relief in her various state court cases).

### G. Apparent Claims under the Racketeer Influenced and Corrupt Organizations Act

To state a claim under the Racketeer Influenced and Corrupt Organizations Act (hereinafter, "RICO"), a party must allege the existence of an enterprise that is engaged in a pattern of racketeering activity. See 18 U.S.C. § 1961, et seq.; see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 35 (3rd Cir. 2011); Brookhart v. Rohr, 385 Fed.Appx. 67, 70 (3d Cir. 2010). Boykin appears to allege that the State of New Jersey, its agencies, and its courts are part of a broad scheme to permit the private entities and "so-called banks" involved in the mortgage industry to foreclose upon mortgages without justification in order to ensure that they do not fail, because the State of New Jersey is heavily invested in those entities. (See dkt. 49 at 2, 7.) To the extent that the amended complaint may be construed to assert RICO claims, Boykin puts forth only indiscernible

statements and pure speculation as to any enterprise, and Boykin fails to allege any conduct, any activity, or any specific crime that might constitute a RICO violation. Therefore, Boykin's apparent RICO claims are also dismissible based on her failure to state a claim. See Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 566 (3d Cir. 2007) (affirming the district court's dismissal of the plaintiff's conspiracy claims based on the same reasoning).

### H. Litigation Privilege

To the extent that Boykin brings claims against the defendant attorneys for their conduct while representing the parties who were involved in the State Foreclosure Action, those claims are also barred by the litigation privilege doctrine. See Dickerson v. Wells Fargo Bank, N.A., No. 15-3747, 2016 WL 820989, at *2 (D.N.J. Mar. 2, 2016) (dismissing the claims asserted against the defendant attorneys representing a defendant bank, because the conduct of those attorneys was protected by the privilege, and holding that an appeal from the underlying state court judgment would be the proper way to challenge such conduct).

## IV. Non-Moving Defendants

This Court notes that it is authorized to dispose of the claims asserted against any of the non-moving defendants *sua sponte* at this juncture. See Coulter v. Unknown Probation Officer, 562 Fed.Appx. 87, 89 n.2 (3d Cir. 2014) (stating that a district court, when addressing a motion to dismiss by some of the defendants in an action, may *sua sponte* dismiss a claim asserted against a non-moving defendant where it is clear that the

plaintiff failed to state a claim for relief); see also Lincoln v. Magnum Land Servs., LLC, 560 Fed.Appx. 144, 147 n.2 (3d Cir. 2014) (affirming a district court's decision to grant a motion to dismiss by the moving defendants and to *sua sponte* dismiss a claim asserted against a non-moving defendant).

This Court is authorized to *sua sponte* dispose of such claims, even though Boykin has paid the filing fee, "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)); see Itiowe v. The Trentonian, 620 Fed.Appx. 65, 67 n.2 (3d Cir. 2015) (dismissing an appeal pursuant to the holding in Hagans from a district court order that dismissed claims brought by a plaintiff who paid the district court's filing fee); 10-28-08 Order, Dubose v. Walsh, No. 07-045 (D. Del. Oct. 28, 2008) (adopting Report and Recommendation, found at 2008 WL 4426090 (D. Del. Sept. 29, 2008), which applied Hagans where a fee-paying plaintiff brought an action to stop a foreclosure against a sheriff and individuals connected to the lender). As set forth at length above, that is precisely the situation in this Federal Action.

## CONCLUSION

For the aforementioned reasons, this Court (1) grants all of the separate motions to dismiss, and (2) dismisses all of Boykin's claims.

The Court will enter an appropriate order and judgment.[5]

                                                         **JOSE L. LINARES**
                                                         United States District Judge

**Dated:** June 12th, 2017

---

[5] Some of the defendants request that this Court prevent Boykin from filing any further litigation that is related to the State Foreclosure Action. (See, e.g., dkt. 53-2 at 29–30.) However, the Third Circuit Court of Appeals has recently counseled against the issuance of such sweeping relief concerning *pro se* litigants. See In re Raymond Ross, No. 15-222, 2017 WL 2434707, at *5–6 (3d Cir. June 6, 2017) (vacating an order enjoining a *pro se* party from bringing further litigation, and holding that such an extreme remedy should be sparingly used); Hollis-Arrington v. PHH Mortg. Corp., 205 Fed.Appx. 48, 55 (3d Cir. 2006) (doing the same). Thus, this Court will not exercise the discretion to grant such relief here.